**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **THE LUTHERAN CHURCH – MISSOURI** | § | |
| **SYNOD, a Missouri nonprofit corporation** | § | |
| *Plaintiff*, | § | |
| | § | **Case No. 1:23-cv-1042-DE** |
| **v.** | § | **[Consolidated with 1:24-cv-00176-DE]** |
| | § | |
| **DONALD CHRISTIAN, CHRISTOPHER** | § | |
| **BANNWOLF, CONCORDIA** | § | |
| **UNIVERSITY TEXAS, INC., & JOHN** | § | |
| **DOES 1-12** | § | |
| *Defendants* | § | |

**DEFENDANT CONCORDIA UNIVERSITY TEXAS, INC'S REPLY**
**IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

Defendant Concordia University Texas, Inc. ("CTX") submits this Reply in support of its

Motion for Protective Order ("Motion") against the Lutheran Church – Missouri Synod nonprofit

corporation ("LCMS") from seeking the disclosure of CTX's privileged information through

discovery and *ex parte* communications with CTX's current and former governing officials as

follows:

1.     *Ex Parte* Communications. In its motion, CTX requested that the Court issue a protective

order prohibiting *ex parte* communications between LCMS and CTX's former Regents regarding

any First Amendment, attorney-client, or work-product privileged information obtained in the

course of the former Regents' positions on CTX's Board. **Motion** at ¶¶ 35-38. LCMS did not

object or respond to CTX's request. *See* **LCMS's Response to Motion for Protective Order**

("Response"). LCMS has therefore waived any objection and CTX requests the Court enter the

requested protective order as to *ex parte* communications with CTX's former Regents. *Terry*

*Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) (a party

"abandons claims when it fails to address the claims or oppose a motion challenging those claims."); *see also Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) (failure to address an issue in a brief to the district court constitutes waiver).

2.    The Parties appear to agree on a remedy. LCMS repeatedly asserts that CTX's motion for protective order was "premature and prophylactic," *see e.g.* **Response** at 1, and suggests that the appropriate action would have been for CTX to obtain the documents LCMS subpoenaed from the former regents and produce a privilege log of all withheld documents. **Response** at 4-5[1], 13-14. First, CTX's motion for protective order was timely and appropriate as objections are insufficient to protect against inappropriate discovery. *See e.g.* Fed. R. Civ. P. 37(d)(2); *see also* Fed. R. Civ. P. 26(c) (allowing a party to seek a protective order forbidding discovery or inquiry into certain matters). Second, CTX's Proposed Protective Order includes the very procedural solution LCMS suggests is appropriate:

> IT IS FURTHER ORDERED that documents, communications, or other materials responsive to third-party subpoenas issued by LCMS to former CTX Regents must first be provided to CTX for review. CTX may withhold and prohibit production of any documents containing 1st Amendment, attorney-client, and/or work-product privileged information. CTX must produce a privilege log of any withheld documents. All non-withheld documents must be promptly produced to LCMS.

**CTX's Proposed Protective Order**, Docket No. 39-11, at 2-3. As LCMS seemingly concurs with CTX's proposed order, CTX requests the Court enter the order as proposed.

3.    CTX's First Amendment privileges. LCMS does not dispute CTX is a religious organization generally protected by the first amendment from intrusions into discussions of church

---

[1] LCMS also asserts within these pages that it is not seeking attorney-client or work-product privileged information because it did not specifically ask for those documents. **Response** at 4-5 ("nowhere in any of the third-party subpoenas is there a request for information provided to or generated by an attorney.") CTX identified which of the subpoenaed documents likely contain attorney-client or work-product privileged information, with evidence as to why that is likely. **Motion** at ¶¶ 19, 22, 27, 32, & 34. LCMS does not dispute this evidence. *See* **Response** at 4-5. Moreover, when CTX raised this issue with LCMS prior to filing its motion for protective order, LCMS's response was only to say it was "willing to review those documents with" CTX after they had been produced to LCMS. **Motion**, Ex. 7 at 2.

CTX's Reply in Support of its Motion for Protective Order                                          2

doctrine and polity through discovery procedures. *See* **Response** at 5-13. Nor does LCMS dispute that compelled disclosure of materials related to internal discussions of church doctrine and polity would result in a chilling effect on CTX's leadership's ability to freely and openly discuss such matters. *See Id.*; *see also* **Motion**, Exs. 1-2 (establishing the existence of such a chilling effect). Instead, LCMS asserts that the First Amendment simply does not apply to CTX in this case because of "the longstanding and intimate ecclesiastical relationship between CTX and LCMS." **Response** at 5. LCMS does not cite a single piece of law which supports the conclusion that the First Amendment protects religious organizations only when the litigant compelling disclosure has not asserted an ecclesiastical relationship. *See* **Response** at 5-13. The Court should therefore find documents containing information regarding CTX's governance and religious polity are protected by the First Amendment.

4.      Moreover, LCMS argues that it is entitled all discovery protected by CTX's First Amendment rights because it "is seeking to govern" CTX and the First Amendment "does not allow CTX to use it as a shield against governance by its own religious institution." **Response** at 6; *see also e.g.* **Response** at 5-13. However, whether LCMS has governance authority over CTX is the very heart of this dispute, *compare* **1ˢᵗ Am. Compl.** *with* **CTX's Original Petition**, 1:24-cv-00176-DE, and LCMS "may not seek all disclosure to which [it] would be entitled in the event it prevail[s] on the merits." *Patterson v. Def. POW/MIA Accounting Agency*, 343 F. Supp. 3d 637, 661 (W.D. Tex. 2018) (citing *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 388 (2004). For the Court to decide LCMS is entitled to otherwise First Amendment privileged discovery because of an "ecclesiastical governance authority" over CTX the Court would either:

(a)      have to prejudge the merits of this case before dispositive motions have been filed and determine that under neutral principles of law CTX's governing documents did not

permit the amendments at issue¸ *see Masterson v. Diocese of NW. Tex.,* 422 S.W.3d 594, 609 (Tex. 2013) (applying neutral principles of law to review the governing documents of a religious organization to determine control of the corporation.); or

(b)      decide LCMS as opposed to CTX's Board of Regents, is the highest ecclesiastical authority over CTX even following the amendments of CTX's governing documents, which is an ecclesiastical question outside the Court's jurisdiction. *See Jones v. Wolf*, 443 U.S. 595, 602 (1979) (the Constitution "prohibits civil courts from resolving church property disputes on the basis of religious doctrine and practice.")

5.      LCMS seeks in its Response to establish its ecclesiastical control over CTX as a matter of fact. *See* **Response** at 6-9. However, its own communications challenge the existence of such alleged "ecclesiastical governance authority." On February 9, 2023, the LCMS Board passed a resolution acknowledging that CTX was no longer under the governance of LCMS. **Reply, Ex. 1** CTX_000297 (stating that CTX changed its governing documents "with the effect of separating CTX from LCMS.") Following this, in May of 2024, CTX was informed by LCMS's insurance provider Concordia Plans that CTX "is no longer considered a controlled entity of The Lutheran Church-Missouri Synod," and was therefore removed from coverage under the plans. **Reply, Ex. 2** at 1. Assuming the Court believes an "ecclesiastical governance authority" exception exists to CTX's First Amendment Privileges,[2] LCMS's conflicting positions on whether CTX is or is not a controlled entity prevents the Court from permitting LCMS discovery into CTX's privileged matters as if LCMS were in control of CTX.  *Patterson*, 343 F. Supp. 3d at 661. For the foregoing reasons, the Court cannot resolve the question of whether LCMS is entitled to CTX's First Amendment privileged information and deny CTX's request for a protective order on the basis

---

[2] CTX does not concede that such an exception exists.

CTX's Reply in Support of its Motion for Protective Order                                    4

that LCMS has ecclesiastical governance authority over CTX. *Patterson v. Def. POW/MIA Accounting Agency*, 343 F. Supp. 3d at 661.

6.      <u>LCMS's vague statements do not establish the relevance of subpoenaed documents</u>. LCMS subpoenaed 58 categories of documents that covered all CTX Board of Regents meetings for the last two decades, CTX's decisions to amend its governing documents, the selection of CTX's newest regents, the opinions of current and former regents on various topics, communications with CTX's donors, CTX's finances, CTX's president, and CTX's Presidential search. **Motion**, Ex. 3-5. Its vague assertions that the subpoenaed documents are "crucial" to determine "who did what, when, how, and why," and to "help LCMS understand and explain to the Court the process that was followed" does not satisfy the "exacting scrutiny" necessary to overcome First Amendment privileges. *Compare* **Response** at 12 *with* **Motion** at ¶¶ 17-33. The Court should therefore grant CTX's Motion for Protective Order.

7.      <u>The Confidentiality Order does not protect against the chilling effects.</u> LCMS finally asserts that any asserted privileges should not prevent disclosure because the Court has already issued a confidentiality order in this case preventing the public dissemination of classified information. **Response** at 14-15. Again, LCMS does not cite any law in which a confidentiality order negates privileges to documents sought in discovery. *See Id*. Moreover, the existence of a confidentiality order does not override the chilling effect of compelled disclosure on future discussions of CTX's religious polity and governance by its leadership – it is the fact of revelation at all that produces such chilling effects. *See e.g. Whole Woman's Health v. Smith*, 896 F.3d 362, 373 (5th Cir. 2018) ("That internal communications are to be revealed not only interferes with [the religious organization's] decision-making processes on a matter of intense doctrinal concern but

CTX's Reply in Support of its Motion for Protective Order                                    5

also exposes those processes to an opponent and will induce similar ongoing intrusions against religious bodies' self-government.")

**PRAYER**

LCMS is seeking privileged information through third-party subpoenas of CTX's former leadership. CTX respectfully requests the Court issue a protective order forbidding the disclosure or discovery and inquiry into these privileged communications and documents, and any further relief CTX may be entitled.

Respectfully submitted,

*/s/ Daniel R. Richards*
**Daniel R. Richards**
State Bar No. 00791520
drichards@rrsfirm.com
**Clark Richards**
State Bar No. 90001613
crichards@rrsfirm.com
**Albert A. Carrion, Jr.**
State Bar No. 03883100
acarrion@rrsfirm.com
**RICHARDS RODRIGUEZ & SKEITH, LLP**
611 West 15th Street
Austin, Texas 78701
Telephone: (512) 476-0005

***Attorneys For Defendants***
***Concordia University Texas, Inc.,***
***Donald Christian and Christopher Bannwolf***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of October 2024, I electronically filed the above and foregoing document, which will send notification of such filing to:

Steven C. Levatino
Levatino & Pace PLLC
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
steven@lpfirm.com

Andrew F. MacRae
MacRae Law Firm PLLC
3267 Bee Cave Road
Suite 107, PMB 276
Austin, Texas 78746
andrew@macraelaw.co

Gregg R. Kronenberger
Kronenberger Law Firm, PLLC
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
gregg@gkronenberger.com

*/s/ Daniel R. Richards*
**DANIEL R. RICHARDS**