IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CONCORDIA UNIVERSITY TEXAS,** § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **THE LUTHERAN CHURCH - MISSOURI** § <br> **SYNOD, an unincorporated association of** § <br> **Lutheran congregations, and THE LUTHERAN** § <br> **CHURCH - MISSOURI SYNOD, a Missouri** § <br> **Corporation,** § <br> Defendants. § | Case No. 1:24-cv-176-DAE |

## PLAINTIFF'S MOTION FOR FEES

Plaintiff Concordia University Texas ("CTX") submits this Motion asking that the Court require payment of all costs and fees incurred as a result of the removal of this suit from the 353rd District Court of Travis County by Defendants Lutheran Church – Missouri Synod, an unincorporated association of Lutheran congregations ("Synod") and the Lutheran Church – Missouri Synod, a Missouri Corporation ("LCMS") as follows:

## FACTS

1. <u>Parties and basis of suit</u>. CTX is a Lutheran university incorporated in Texas and doing business in Travis County, Texas. **Petition ¶¶** 2, 6. This dispute arises out of actions taken by CTX's Board of Directors to amend CTX's articles of incorporation and bylaws between April and November of 2022. *Id*. ¶¶ 12-19. LCMS and Synod dispute the validity of those amendments, allege CTX's Board of Directors and other officers have breached fiduciary duties to LCMS and Synod, and assert claims in CTX's property. *Id*. ¶¶ 20-22; *see also* **Motion for Remand ¶¶** 18-22 (providing citations to documents in which Synod and LCMS claim various legal rights in CTX property and control over CTX's corporate governance, and duties owed by CTX's officers.) CTX

1

filed suit against Synod and LCMS in Travis County District Court seeking declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code. *Id.* ¶ 23.

2.     Removal and Remand Proceedings. LCMS removed the suit to federal court "on its own behalf and on behalf of …Synod," based on diversity jurisdiction claiming Synod is not a civil law entity subject to the jurisdiction of a state court. **Notice of Removal**, ¶ 3. LCMS further asserted that any such claims of jurisdiction over Synod would violate its First Amendment rights and the federal rights under the Religious Freedom Restoration Act ("RFRA"). *See Id.* CTX filed a motion for remand, and on November 20, 2024, U.S. Magistrate Judge Dustin M. Howell recommended the case be remanded. **Report and Recommendation of US Magistrate Judge** ("Report and Recommendation").

3.     Law governing fees. An order remanding a removed case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.S. § 1147(c). When determining whether the award of fees is appropriate, courts must consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). "In other words, the question [courts] consider in applying § 1147(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.*

4.     LCMS provided no legal basis to justify removal. Texas law is clear: unincorporated associations can sue and be sued. Tex. Bus. Org. Code §§ 252.001, 252.007. And churches which operate in Texas are subject to the laws of Texas and the jurisdiction of its courts. *See Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 602 (Tex. 2013) (quoting *Watson v. Jones*, 80 U.S. 679, 714 (1871)). By asserting that Synod is not a civil law entity subject to the jurisdiction of state courts, LCMS effectually argued that Synod lacks capacity to sue and be sued. *See e.g.* **Notice of**

**Removal**. LCMS did not provide any legal authority for this proposition. *See* **Notice of Removal**; *see also* **Response to Motion for Remand** ("Response"); *see also* **Report and Recommendation**, fn. 11 ("Further LCMS cites no authority—other than its own bylaws—for the proposition that as a so-called non-"civil law entity," the Synod may not be sued.")

5.     Similarly, Rule 17(b) requires the application of Texas law to the question of Synod's capacity. *See* **Motion for Remand** ¶ 28; *see also* **Report and Recommendation** at 15. LCMS provided no contrary authority. *See* **Response;** *see also* **Report and Recommendation**, fn. 11 ("LCMS fails to cite any authority demonstrating that the Synod is not subject to Rule 17(b) for the purposes of determining which law applied here.") Despite this, LCMS attempted to justify the removal based on Alabama, Louisiana, and Illinois laws, none of which are applicable. **Response** at 9-12. Moreover, in the only Texas law case cited, LCMS misrepresented the holding of the court. *Compare* **Response** at 10 *with Turner v. Church of Jesus Christ of Latter-Day Saints*, No. 3:95-CV-1354-P, 1996 U.S. Dist. LEXIS 23175 at *14, (N.D. Tex. 1996); *see also* **Reply in support of Motion to Remand** ("Reply") at ¶ 14. LCMS similarly provided no legal support for the contention that either the First Amendment or RFRA precluded Synod from having capacity to be a party to a lawsuit. *See* **Response** at 25; *see also* **Reply** at ¶ 10.

6.     In its Objections to the Report and Recommendation of the Magistrate ("Obj."), LCMS advanced wholly new arguments not made to the Magistrate in addition to advancing the same baseless First Amendment claims in its Response. *Compare* **Obj.** *with* **Response** *and* **Reply**. In its new arguments, LCMS advocates that the Court utilizes means of statutory construction to disregard unambiguous Texas law and does so without providing any Texas case that would support its proposed construction. *See* **Obj.** 4-16. LCMS then argues that the application of procedural and jurisdictional laws to it and Synod is a violation of the internal affairs doctrine and

3

several constitutional clauses. *Id*. at 16-20. Other than conclusory references to "internal affairs," LCMS also provides no legal support for this argument. *Id*.

7.   <u>An award of fees is appropriate in this case</u>. CTX filed suit in a Texas court against an unincorporated association with Texas members and therefore Texas citizenship. **Petition** at ¶ 3; *see also* **Report and Recommendation** at 13. LCMS removed the suit claiming Synod could not be sued and subjected to the jurisdiction of state courts but provided no legal authority to support this contention. As such, an award of fees is appropriate because LCMS had no reasonable grounds to believe the removal was legally proper. *Valdes*, 199 F.3d at 293; *see also Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (finding fees appropriate where Supreme Court case law was against removing party's basis for removal); *see also e.g. Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 544 (5th Cir. 2012). CTX has incurred legal fees totaling **$24,222.75** in securing the remand of its suit to Texas State District Court. **Ex. A** at ¶ 2; *see also* **Ex. A, RICHARDS-1**. These fees are reasonable and necessary for the services performed. *Id*. at ¶ 3.

## CONCLUSION

For the forgoing reasons, CTX respectfully requests that the Court award CTX fees in the amount of **$24,222.75** against Defendants LCMS and Synod, and grant Plaintiff all such further relief to which it is justly entitled at law and in equity.

Respectfully submitted,

*/s/ Daniel R. Richards*
**Daniel R. Richards**
State Bar No. 00791520
drichards@rrsfirm.com
**Clark Richards**
State Bar No. 90001613
crichards@rrsfirm.com
**Albert A. Carrion, Jr.**
State Bar No. 03883100
acarrion@rrsfirm.com
**RICHARDS RODRIGUEZ & SKEITH, LLP**
611 West 15th Street
Austin, Texas 78701
Telephone: (512) 476-0005
**ATTORNEYS FOR PLAINTIFF**
**CONCORDIA UNIVERSITY TEXAS, INC.,**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January 2025, I electronically filed the above and foregoing document, which will send notification of such filing to:

Steven C. Levatino
Levatino & Pace PLLC
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
steven@lpfirm.com

Gregg R. Kronenberger
Kronenberger Law Firm, PLLC
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
gregg@gkronenberger.com

Andrew F. MacRae
MacRae Law Firm PLLC
3267 Bee Cave Road
Suite 107, PMB 276
Austin, Texas 78746
andrew@macraelaw.co

Kevn Dubose
Alexander Dubose & Jefferson LLP
1844 Harvard Street
Houston, Texas 77008
kdubose@adjtlaw.com

*/s/ Daniel R. Richards*
**DANIEL R. RICHARDS**