IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CONCORDIA UNIVERSITY TEXAS, § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> THE LUTHERAN CHURCH—MISSOURI § <br> SYNOD, an unincorporated association of § <br> Lutheran congregations, and THE § <br> LUTHERAN CHURCH—MISSOURI § <br> SYNOD, a Missouri Non-profit § <br> Corporation, § <br> Defendants. § | Case No. 1:24-cv-176-DAE |

## RESPONSE TO PLAINTIFF'S MOTION FOR FEES

Defendant The Lutheran Church—Missouri Synod, a Missouri nonprofit corporation ("LCMS"), submits the following Response to Plaintiff Concordia University Texas' ("CTX") Motion for Fees ("Motion," Doc. 36), seeking an award of attorney's fees under 28 U.S.C. §1147(c) based on LCMS's allegedly improper removal. For the reasons discussed below, the motion should be denied.

### INTRODUCTION

The Motion should be denied because removal was proper, as demonstrated by LCMS in its Objection to Magistrate Judge's Report and Recommendation (Doc. 34), in which the Magistrate Judge incorrectly recommended that CTX's motion to remand be granted. Alternatively, even if the Court accepts the Magistrate Judge's Report and Recommendation, grants the Motion to Remand (Doc. 5) and remands this case to Travis County District Court, the Motion should be denied because LCMS's removal was objectively reasonable.

1

## ARGUMENT

### A. Removal was Proper

First, the Motion should be denied because removal was proper. As LCMS has previously discussed, the Magistrate Judge's Report and Recommendation was wrongly decided. LCMS is the proper party to both lawsuits, and Synod is not. *See* LCMS's Objections to Magistrate Judge Report and Recommendation (Doc. 34); Reply Brief in Support of Objections to the Magistrate's Report and Recommendation (Doc. 37). Accordingly, the Court has diversity jurisdiction; the Report should be rejected; and the Motion should be denied.

### B. Removal was Objectively Reasonable

Even if the Court affirms the Magistrate Judge's Report and Recommendation (Doc. 34), grants CTX's Motion to Remand (Doc. 5), and remands this case to state court, the Court should deny the Motion, because LCMS's removal was objectively reasonable.

#### 1. Fees are not Automatically Awarded Upon Remand, and Should be Assessed Only if the Removal was not Objectively Reasonable.

There is no automatic entitlement to an award of attorney's fees upon the granting of a motion to remand. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Rather, a court may award attorney's fees only when the removing party lacks an objectively reasonable basis for removal. *Id.; Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010). As the Supreme Court has explained, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Courts evaluate the objective merits of removal at the time of the removal, irrespective of the fact that it might ultimately be determined that removal was improper. *Miranti v. Lees*, 3 F.3d 925, 928 (5th Cir. 1993). Accordingly, courts have declined to award fees where the defendant had a legitimate basis for believing the district court had jurisdiction, and where the court found removal was "fairly supportable." *Valdes*, 199 F.3d at 293. Indeed, in *Valdes*—a case repeatedly cited by CTX in its Motion—the Fifth Circuit affirmed the district court's decision to deny fees, finding that Wal-Mart had a reasonable belief that removal was proper. *Id*. Moreover, the Fifth Circuit has reversed an award of fees when it found removal was supported by authority from sister circuits. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 Fed. Appx. 268, 272 (5th Cir. 2014); *see also Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 Fed. Appx 34, 37 (5th Cir. 2019) ("a fee award is inappropriate if the removing party could conclude from [existing] case law that its position was not an unreasonable one"); *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 699 (5th Cir. 2017) ("unsettled law can provide an objectively reasonable basis for removal"); *Quinonez v. Perez*, 712 F.Supp.3d 879, 893 (W.D. Tex. 2024) (finding removal was objectively reasonable because of the "unsettled nature of the controlling law").

2.   **LCMS's Removal was Factually and Legally Supported**

LCMS removed this case based on diversity jurisdiction, arguing that Synod had been improperly joined as a party because it is an ecclesiastical denomination, and not a civil law entity capable of suing or being sued. *See* Notice of Removal at ¶¶ 3-5 (Doc. 1). LCMS has provided uncontroverted evidence to this Court that at the time of removal:

- Synod did not (and still does not) exist as a separate civil entity from LCMS
- According to the express ecclesiastical law of the Synod, the Synod is not a civil law entity
- Synod created LCMS to carry out Synod's secular functions, including the ability to sue and be sued
- Synod does not have a registered agent in Texas or any other state, but LCMS does.
- Synod does not directly own any property

3

- All property of the Synod is owned by LCMS or other corporations created by Synod
- Synod does not do business in Texas
- Synod directly owns no assets in Texas
- Synod does not enter into contracts
- Synod does not have any bank accounts
- Synod has never sued or been sued in a civil court
- LCMS has been a party to litigation on behalf of Synod

*See* Response to Motions to Dismiss and to Remand (Doc. 10) at Exhibit 1 (Declaration of Rev. Dr. John W. Sias). Further, as argued in its Objection to the Magistrate's Report and Recommendation (Doc. 34), there is no reasonably objective reason for LCMS to expect that the Magistrate Judge would recommend the Court find and create a new civil law entity, considering that Synod had previously incorporated LCMS as a Missouri nonprofit corporation more than a hundred years before to carry out Synod's civil law functions. During that more than ten decades, the Synod has never been sued as an unincorporated association as recommended by the Magistrate Judge. (Doc. 10-1 at ¶8.) Accordingly, LCMS, at a minimum, had an objectively reasonable belief that Synod had been improperly joined and should be disregarded for diversity jurisdiction purposes. *See* Notice of Removal at ¶4; *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Group, Ltd*. 818 F.3d 193, 200-08 (5th Cir. 2016); *Smallwood v. Illinois Central Railroad Co*., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*), *cert. denied,* 544 U.S. 992 (2005).

Moreover, LCMS had already demonstrated, before removal, an objectively reasonable belief that LCMS and not Synod, was the proper party in a dispute with CTX, as it had already filed the 2023 Case, against CTX and others. The fact that LCMS filed the 2023 Case, without Synod, is further support for the idea that when it removed the 2024 Case several months later, LCMS had the objectively reasonable belief that Synod was neither a necessary nor a proper party to either litigation.

And since removal, LCMS has supported its position with additional uncontroverted evidence as well as caselaw from the United States Supreme Court, the Fifth Circuit, the Texas Supreme Court, other federal circuits, other courts in the Fifth Circuit, and other states, that support its position that Synod is not a proper party to litigation. *See* LCMS's Response to Motions to Dismiss and to Remand (Doc. 10); Sur-Reply in Opposition to Motion to Dismiss and Motion to Remand (Doc. 17); Objections to Magistrate Judge Report and Recommendation (Doc. 34); and Reply Brief in Support of Objections to the Magistrate's Report and Recommendation (Doc. 37). *See Omega Hosp.,* 592 Fed. Appx. at 272; *Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 Fed. Appx 34, 37 (5th Cir. 2019) (fee award inappropriate if the removing party could conclude that its position was not unreasonable).

### 3. A Fees Award Would Defeat the Purpose of the Statute and Improperly Reward CTX

Finally, an award of fees would defeat the purpose of 28 U.S.C. 1447(c) and reward CTX for its legal gamesmanship. As the Supreme Court has held, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party. *Martin*, 546 U.S. at 140. LCMS was not trying to prolong litigation and increase costs, it was trying to speed up the litigation and reduce costs.

LCMS filed suit first in the 2023 case, seeking in part declaratory relief from the Court regarding actions taken by CTX to improperly amend its governing documents without the approval of its parent denomination, the Synod. *See* Complaint at ¶ 42-46 (2023 Case, Doc. 1). CTX's Petition in the 2024 case is almost a mirror image of the declaratory relief sought by LCMS. *See* Original Petition at ¶ 23 (2024 Case, Doc. 1-1). LCMS had won the "race to the courthouse," and CTX could have sought declaratory relief by way of counterclaim in the 2023 Case. Instead,

5

CTX filed an unnecessary and duplicative lawsuit, which, had it not been removed, would have proceeded parallel to the 2023 case, thereby increasing costs for all concerned. Instead, LCMS removed the 2024 Case and sought to consolidate it into the 2023 Case, effectively speeding up the litigation and potentially saving costs. The Court should refuse to award fees that CTX has incurred of its own volition.

## Conclusion

WHEREFORE, LCMS requests that the Court deny CTX's Motion for Fees. LCMS further requests such other relief, both legal and equitable, to which it may be justly entitled.

Respectfully submitted,

By: /s/ Steven Levatino
Steven C. Levatino
State Bar No. 12245250
LEVATINO|PACE PLLC
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
T: 512-637-1581
steven@lpfirm.com

Andrew F. MacRae
State Bar No. 00784510
MacRae Law Firm PLLC
3267 Bee Cave Road
Suite 107, PMB 276
Austin, Texas 78746
T: 512-565-7798
andrew@macraelaw.co

Gregg R. Kronenberger
State Bar No. 24039998
KRONENBERGER LAW FIRM, PLLC
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
T: 512-777-4141
F: 512-402-3313
gregg@gkronenberger.com

                        Kevn Dubose
                        State Bar No. 06150500
                        Alexander Dubose & Jefferson LLP
                        1844 Harvard Street
                        Houston, Texas 77008
                        T: 713-523-2358
                        F: 713-522-4553
                        kdubose@adjtlaw.com

                        ***Attorneys for The Lutheran Church –***
                        ***Missouri Synod, a Missouri nonprofit corporation***

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Response has been filed through the CM/ECF system on January 21, 2025. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Daniel R. Richards
Clark Richards
Albert A. Carrion, Jr.
Richards Rodriguez & Skeith, LLP
611 West 15th Street
Austin, Texas 78701
***Attorneys for CTX***

                                        */s/ Steven C. Levatino*
                                        S<small>TEVEN</small> C. L<small>EVATINO</small>