IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CONCORDIA UNIVERSITY TEXAS, § <br>     Plaintiff, § <br> § <br> v. § <br> §    Case No. 1:24-cv-176-DAE <br> THE LUTHERAN CHURCH - MISSOURI § <br> SYNOD, an unincorporated association of § <br> Lutheran congregations, and THE LUTHERAN § <br> CHURCH - MISSOURI SYNOD, a Missouri § <br> Corporation, § <br>     Defendants. § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR FEES**

Plaintiff Concordia University Texas ("CTX") submits this Reply in support of its Motion asking that the Court require payment of all costs and fees incurred as a result of the removal of this suit from the 353rd District Court of Travis County by Defendants Lutheran Church – Missouri Synod, an unincorporated association of Lutheran congregations ("Synod") and the Lutheran Church – Missouri Synod, a Missouri Corporation ("LCMS") as follows:

1. <u>LCMS did not rely on "unsettled law" as the basis of its removal</u>. LCMS provides a string of cases from the 5th Circuit to assert that a party relying on unsettled law does not act unreasonably when removing a case. *See* **LCMS Response to Plaintiff's Motion for Fees** ("**Response**") at 3. In the cases cited by LCMS, there were legitimate questions of unsettled law. *See e.g. Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 Fed. Appx. 268, 272 (5th Cir. 2014) (Different courts in different circuits had reached different conclusions as to the existence of a federal defense); *Quinonez v. Perez*, 712 F.Supp.3d 879, 893 (W.D. Tex. 2024) (No court had interpreted new statutory definitions, so although Defendants should not have removed, the

1

unsettled nature of the law made removal reasonable.)[1] That is not the case here. The federal laws and rules of diversity jurisdiction are well settled. *See* **Motion for Remand**. Moreover, LCMS has not provided any legal authority from this Circuit or any other circuit that allows an association to determine its citizenship, capacity, and the rightful party to litigation through its bylaws. *See* **Notice of Removal**; see also **Response to Motion for Remand** ("Response"); see also **Report and Recommendation**, fn. 11 ("Further LCMS cites no authority—other than its own bylaws—for the proposition that as a so-called non-"civil law entity," the Synod may not be sued."). Therefore, LCMS's removal was not reasonable and fees should be awarded. *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 699 (5th Cir. 2017) (finding the 5th Circuit having not previously addressed a particular argument does not make removal reasonable as it may be "likely because no party has before supposed that such an argument was viable.")

2.  <u>Synod's and LCMS's beliefs do not make removal reasonable under the law</u>. LCMS asserts that because Synod "had never been sued as an unincorporated association," and because LCMS filed its own federal lawsuit, its belief that removal was proper was reasonable. *See* **Response** at 4. But LCMS's subjective belief is not relevant. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) ("To be sure, the district court may award fees even if removal is made in subjective good faith"). Instead, the standard is whether the removing party "could conclude from [existing] case law that its position was not an unreasonable one." *Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 F. App'x 34, 37 (5th Cir. 2019) (brackets in original); *see also Valdes*, 199 F.3d at 292 ("We do, however, consider objectively the merits of the defendant's case at the time of the removal.") Once again, LCMS has not identified a single case, statute, or rule where an

---

[1] By contrast, the only federal case addressing the jurisdictional questions raised by this remand found squarely against LCMS's position. *Turner v. Church of Jesus Christ of Latter-Day Saints*, No. 3:95-CV-1354-P, 1996 U.S. Dist. LEXIS 23175 at *14, (N.D. Tex. 1996).

association's bylaws, as opposed to federal statutes or federal rules, are determinative of diversity jurisdiction. *See* **Notice of Removal**; see also **Response to Motion for Remand** ("Response"); see also **Report and Recommendation**, fn. 11 ("Further LCMS cites no authority—other than its own bylaws—for the proposition that as a so-called non-"civil law entity," the Synod may not be sued."). The Court should therefore award CTX the requested fees. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

3. <u>LCMS's Federal Suit does not make removal reasonable</u>. Lastly, LCMS claims that because it filed its federal suit first, the cost of removal should not be assessed against them because "LCMS was not trying to prolong litigation and increase costs." **Response** at 5.[2] However, LCMS removed this suit a month after CTX had raised the jurisdictional defects in the federal proceedings in its motion to dismiss. *Compare* **Defendants' Motion to Dismiss,** *LCMS, a Missouri nonprofit corporation v. Christian et al.*, No. 1:23-cv-1042 (W. Dist. Tex., Jan. 23, 2024) *with* **Notice of Removal** (Feb. 21, 2024). LCMS was therefore on notice of the jurisdictional defects and still proceeded to remove CTX's suit. It did so even though there is no dispute that the Travis County District Courts have personal jurisdiction and subject matter jurisdiction over all parties and CTX's claims. Moreover, its removal *has* prolonged litigation and increased costs. It has now been a year since CTX filed its suit in Texas State court with no movement towards resolving its claims. And, as demonstrated by the affidavit in support of the requested fees, seeking remand has required additional costs. *See* **Motion for Fees**, Ex. A. Therefore, an award of fees to CTX is consistent with the purpose of 28 USC § 1447 and should be awarded. *See Martin v. Franklin Capital Corp.*,

---

[2] LCMS asserts that CTX has engaged in gamesmanship because CTX filed a state court suit instead of filing counter-claims in LCMS's federal suit. *See* **Response** at 5. However, given the jurisdictional defects of LCMS's suit, it would have been inappropriate for CTX to pursue counter-claims in those proceedings. *Kuehne & Nagel v. Geosource, Inc.*, 874 F.2d 283, 291 (5th Cir. 1989) ("dismissal of a plaintiff's complaint for lack of jurisdiction requires dismissal of a defendant's counterclaim unless the counterclaim presents independent grounds of jurisdiction.")

546 U.S. 132, 140 (2005) ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.")

## CONCLUSION

For the foregoing reasons, CTX respectfully requests that the Court award CTX fees in the amount of $24,222.75 against Defendants LCMS and Synod, and grant CTX all such further relief to which it is justly entitled at law and in equity.

Respectfully submitted,

*/s/ Daniel R. Richards*
**Daniel R. Richards**
State Bar No. 00791520
drichards@rrsfirm.com
**Clark Richards**
State Bar No. 90001613
crichards@rrsfirm.com
**Albert A. Carrion, Jr.**
State Bar No. 03883100
acarrion@rrsfirm.com
**RICHARDS RODRIGUEZ & SKEITH, LLP**
611 West 15th Street
Austin, Texas 78701
Telephone: (512) 476-0005
**ATTORNEYS FOR PLAINTIFF
CONCORDIA UNIVERSITY TEXAS, INC.,**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 27th day of January 2025, I electronically filed the above and foregoing document, which will send notification of such filing to:

| | |
|---|---|
| Steven C. Levatino<br>Levatino & Pace PLLC<br>1101 S. Capital of Texas Hwy.<br>Bldg. K, Suite 125<br>Austin, Texas 78746<br>steven@lpfirm.com | Andrew F. MacRae<br>MacRae Law Firm PLLC<br>3267 Bee Cave Road<br>Suite 107, PMB 276<br>Austin, Texas 78746<br>andrew@macraelaw.co |
| Gregg R. Kronenberger<br>Kronenberger Law Firm, PLLC<br>1101 S. Capital of Texas Hwy.<br>Bldg. K, Suite 125<br>Austin, Texas 78746<br>gregg@gkronenberger.com | Kevn Dubose<br>Alexander Dubose & Jefferson LLP<br>1844 Harvard Street<br>Houston, Texas 77008<br>kdubose@adjtlaw.com |

      */s/ Daniel R. Richards*
      **DANIEL R. RICHARDS**